IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KEAYONE LAMONT MURPHY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:19CV161 |
| ) | |
| RANDOLPH COUNTY SUPERIOR ) | |
| COURT, ) | |
| ) | |
| Respondent. ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a pretrial detainee in Randolph County, North Carolina, submitted a petition under 28 U.S.C. § 2241 challenging his pretrial confinement. For the following reasons, the Petition cannot be further processed.

1. The filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner did not use the required § 2241 Forms. Rule 2, R. Gov. § 2254 Cases. The Clerk will forward to Petitioner the proper forms.

3. Petitioner does not currently state a clear claim for relief. Petitioner seeks to have this Court intervene in an ongoing state criminal proceeding. However, it is not ordinarily proper for this Court to do so. Such intervention could only occur in instances of bad faith, irreparable injury beyond the burden of defending the criminal action, or a lack of available state court remedies. See Younger v. Harris, 401 U.S. 37 (1971); Gilliam v. Foster, 75 F.3d 881, 904-905 (4th Cir. 1996). Further, Petitioner must to exhaust his state court remedies as to the claims he raises. Such exhaustion is required under § 2241 just as it is for filing a petition under 28 U.S.C. § 2254. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489–92 (1973). Petitioner contends he

>is being subjected to unconstitutional pretrial detention, but does not describe the conditions of that detention, give facts supporting its unconstitutionality, or set out any attempts at exhaustion of his state court remedies. His Petition is conclusory. Therefore, the Court cannot evaluate his claim further at this time, but will evaluate it if he makes a proper refiling at a later time.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2241 forms, and instructions for filing a § 2241 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2241 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 8th day of July, 2019.

                                          /s/ Joi Elizabeth Peake
                                       United States Magistrate Judge